Good morning, your honors. My name is Josh Trumbull. I represent Mr. Zalac. He is in the courtroom this morning with his wife and his daughter. Good morning, Mr. and Mrs. Zalac. I'd like to reserve five minutes for rebuttal time. All right. I'll try and help you, but keep your eye on the clock. Thank you, your honor. So this appeal stems from an order of dismissal on Federal Rule Civil Procedure 12b-6 for failure to state a claim under Washington law. I have a guess at what the court would like me to focus on today by the fact that you specifically ordered to discuss Brown and Trujillo. As you know, this is an area where the jurisprudence has been a moving target in Washington. So the briefing, unfortunately, was a little stale through no fault of yours because of intervening decisions. So if you could address the impact of those cases, I think that would help. Okay, absolutely. Yeah, so I think the claim for wrongful initiation of foreclosure, I think Freeh has decided that there is no claim. The arguing about you need to be a holder and the owner, that's kind of what Trujillo and Brown were addressing. Trujillo was looking at the declaration that's required under 6124-0307, and that declaration states that as proof of ownership, the trustee can receive a declaration that states that the beneficiary is the actual holder of the note. And there were some declarations that had got put out there that then they used the or language, or entitled to enforce it basically under the UCC as adopted in Washington. Lyons came out first and said that that ambiguity, the trustee could not rely on that declaration. And then Trujillo essentially affirmed that they could not rely on that declaration. Interestingly, I think it's important for today. So is your position that the declaration was ambiguous as the Supreme Court focused on in those cases? In Trujillo and in Lyons? Yes. Here. Oh, here. So here we were just on the pleadings. And the declaration that was attached to the pleadings is, in Mr. Zalak's opinion, certainly not the declaration that's required under 0307. It doesn't talk about who the holder is. It talks about, it's like the due diligence. But wasn't this the case, and forgive me because we've got about three of them on the calendar this morning. Sure. I thought this was the case where Chase was holding and servicing the loan. According to the pleadings, which have to be taken as true and inferred in the light of the plaintiff, Mr. Zalak alleged that Chase, three things, he alleged that Chase was not a holder. He alleged that Chase was not the beneficiary under 61240052. And then they also alleged that Chase was not the owner. Do you concede now that Chase is the holder? We do not. You do not. We do not. Like I said, this is a 12B6 motion. And procedurally, I think what happened was at the lower court, Mr. Zalak had attached a copy of the note that perhaps he had, and it did not have a blank endorsement on it. And what happened on the motion to dismiss was that the defendants. Well, he wouldn't have that, would he? I mean, the endorsement. Correct. If it's endorsed in blank, that usually happens after the loan closes, does it not? Yeah, he would not have that. Okay. More than likely. He provided the copy that he was given when the loan closed, when escrow closed. Yeah. Or he maybe obtained it at a later time. I can't quite tell from the pleadings when he obtained that note. And then what happened? I guess if that's the case, is that enough to have a good faith basis to believe that Chase is not the holder of the note,  I believe it is, if you read the rest of the complaint, with all the other information Mr. Zalak was receiving regarding, in these communications, who the owner was, who the note holder was, different things like that. Obviously, it's a pleading, so he can form his belief from news reports, from articles, research, things like that. So his position is, as alleged in the complaint, I was confused as to who the true holder of the note was because of the communications that I was having and my frustrations at trying to get answers to my questions. Yes. And under Washington, the CPA, you can have an unfair or deceptive act even when you're telling the truth. So if you look at all these different communications and you think about it from a homeowner's point of view. What's the falsity here? I'm sorry. At one point. You're saying it doesn't matter, it doesn't have to be a false representation? How can that be? Without a Consumer Protection Act. Yes, in Washington, it needs to be unfair or deceptive. It doesn't actually have to be false. The things you're saying can be true and they can still have the capacity to deceive or be unfair. But the allegation under the CPA claim is that Chase was not in fact the holder and beneficiary of the note. Correct. Yes. And if that's true, if they are in fact the holder of the note, then he has no claim, does he, under the CPA? I think that Chase could be a beneficiary if they are a holder and they meet the rest of the definition in 0052. But it's still possible to deceive people with true information. Well, I guess maybe what I'm quibbling with you about are Twombly-Iqbal standards of pleading versus the more liberal pleading standards under Washington. Yes, exactly. Under Twombly, I don't think that makes it. Okay. And you're now in federal court. So if we remanded to the district court and said, look, we think you need to give Mr. Zalack an opportunity to amend the complaint, what would you say in your amended complaint in order to establish a prima facie claim of a CPA violation? So I think that, as you said, the law in this area has changed significantly. Attached, I believe, was Exhibit A for judicial notice in the trial court. The response to that motion to dismiss was a transcript of a hearing with Judge Overstreet. It was in 2012. And there's a good dialogue about what, at that time, Judge Overstreet believed needed to be pled in a case like this. I'm not sure your answer is responding to my question. Yeah, I'm sorry. The fact that Judge Overstreet may have been bewildered, I have great respect for Judge Overstreet, but that's not evidence. I agree. And I just found it interesting because, at this point, the claims are more fleshed out. And so I believe that if – I'm looking for evidence. What would you say in an amended complaint? What would you allege the proof would be that would establish a deception under the CPA with regard to the holder of the note? Sure. I believe that, at the time, if this complaint were to be written now, Mr. Zalek would allege that Chase is not the holder, Chase does not possess it, and that Fannie Mae's – On what evidence does he rely? You're giving me conclusions. I'm looking for facts. I think – I mean, there's reports out there that he could include, that he could cite to. There's other cases where this has happened, and it's been proven in discovery that that happened. Like I said, kind of the confusion among who was the holder, who was the owner, and all these documents that he received. So there is evidence that perhaps there was confusion with the defendants that actually, you know, who possessed this, who was the holder, who was the beneficiary. Who do you think is the holder? Who would you allege is the holder? In 2012 or today. For your complaint, amended complaint? I mean, that's a difficult thing because oftentimes they use a custodian, and then you have to review the custodial agreements to determine if the custodian is an agent or just a bailee. And so it's actually fairly difficult sometimes to determine who the holder was. But I think what Judge Lefkoe is getting at, and it's the same concern that I have, is you've got to be able to make an amendment to your complaint on the basis of a good faith belief as a lawyer, that you're going to be able to allege and prove whatever it is that you're amending the complaint to say. Sure. And we're asking you, on what basis could you make a good faith allegation that there was a deception if the evidence is that Chase is, in fact, the holder and owner of the note? I mean, it seems to me your claim is going nowhere. I mean, I don't think that the evidence in the original complaint shows that Chase is the holder and owner of the note. That's not the question. And I don't mean to argue with you, counsel, but you're not answering my question. My question is, what evidence do you have? What are you going to say if we give you an opportunity to amend your complaint that's going to establish a prima facie CPA violation? Well, based on my own experience, and I've obtained three summary judgments on this issue in Washington state courts, I would allege that Chase did not comply with Fannie Mae guidelines, that Chase did not take possession of the note, and that Chase is not a holder in possession of the note. So additionally, I would allege that under the exclusionary clause that Chase is holding the note as security for a different obligation and therefore is excluded from being a beneficiary. Okay. Before you, you wanted to say five minutes, but before you sit down, what is the basis for your remaining CPA claim as to MERS? What injury flows from whatever it is that MERS is alleged to have done? I think that the MERS injury, it relates to the fact kind of during this whole time Mr. Zalack was trying to figure out who the beneficiary or the holder was, who he owed the money to, and then appears MERS. I understand there's a little bit of a shell game going on here, but what is the basis for your claim against MERS? That it just, it added to the confusion of Mr. Zalack. And that's a CPA violation?  It showed another party showing up claiming to be a beneficiary that he had to then figure out, spend his time and money figuring out who MERS was. Did they actually, were they a beneficiary? Did they hold the note? Okay, question a different way. At the time the loan closed, MERS was initially the designee, was it not? CTX was the lender and note holder, and MERS was assigned as nominee of CTX on the deed of trust. And is there any allegation at that point in time as to any deceptive act by MERS? At that point in time, I don't believe there's an allegation in this complaint, no. Okay, so if we remanded to allow you to amend the complaint, what would you add to allege against MERS that would establish a CPA violation? Starting from when the deed and note were signed. If it was true, I didn't write this original complaint, so I would... It's okay, I'm giving you the opportunity to write a new one. What are you going to tell me about your evidence against MERS? Sure, I would speak with the clients, and if it was true that at the time they didn't fully understand what was happening, and they didn't understand that the note and the records were going to be kept in the MERS system instead of accessible to them, then I would say that MERS hid the note holdership or ownership from Zalax, and they were not ever able to find out the information that they're entitled to as a homeowner, a borrower, or a debtor, similar to other laws. Okay. Quick question about your CPA claim against Northwest Trustee Services. Is the claim as framed in the current complaint that the trustee had an obligation, an even-handed obligation, to determine who the holder was? Under the current complaint, I believe that is true. The trustee obtains evidence, and that evidence is hidden. Oftentimes, speaking from experience, the trustee relies on a beneficiary declaration alone, and as we've seen in Lyons and Trujillo, oftentimes those don't meet the statutory requirements. And it is that the trustee didn't exercise its duty, even-handed, to determine who the holder was. Correct. And Clem talks about the trustee's duty of neutrality. Okay. Do you want to save the remaining two minutes? Yes, Your Honor. Thank you. Let's hear from Fannie Mae. Good morning, Your Honors. May it please the Court, my name is Fred Burnside. I'm here representing Chase, Fannie Mae, and Murs. Plaintiff's entire liability theory in this case rested on the assumption that to be a beneficiary, you had to be both the owner and the holder of the note. But Brown expressly rejected that argument, which dooms this appeal. What I want to do here today is three basic things. I want to address Brown and Trujillo, because Your Honors asked us to do that, and those cases demonstrate why plaintiff's claims fail. And I want to explain in detail, in response to Your Honors' questions about the CPA claims, why those fail as well, and then why the Court should reject the new theories raised for the first time on appeal. So let's talk about Brown first. Brown clearly held that you don't have to be both the owner and the holder. But Brown went further than that, because it also explained that a borrower can identify the note holder based on information provided in the notice of default. It went on to explain, the notice of default identifies the servicer, and it is reasonable to assume the servicer is the person entitled to enforce the note, because paying the servicer will discharge the obligation. And here's the most salient quote, and this is at page 784. The inference that a servicer denotes a holder is therefore apparent. Here plaintiff alleges that Chase is the servicer. His argument was, well, I don't think you're the note holder, because you're not the owner. You're a mere servicer. But under Brown, we know there's an inference that they are, in fact, the note holder. The note of default here lists Chase as the servicer and as beneficiary. The last page of that document also explains that Chase is the creditor to whom the debt is owed. And, in fact, plaintiff conceded in response to the motion to dismiss below, and this is at ER 177, that Chase can establish that it and its agents have attained possession of the note. They say that's not good enough. You have to be both. So here, you know, every document plaintiff got from the notice of default, from the notice of trustees sale, from all the letters that went back and forth, uniformly said Chase is the holder of this note. And there are no facts plausibly alleged which would suggest something to the contrary. And that's why, you know, we attached a copy of the original note to our motion to dismiss. They need to come up with more, Judge Tolman, in response to your question, more than just, I don't know, maybe somebody else holds it. They need to plead facts plausibly suggesting that this defendant doesn't. And when every representation to that borrower says this is the party to talk to, this is the servicer, this is the holder, that ought to be good enough. It can't just be like an ostrich putting your head in the sand and saying I don't want to believe you. So I think Brown defeats plaintiff's claims because he concedes we're the servicer. They concede we have possession of the note. So let's talk about then Trujillo. I think Trujillo isn't directly relevant to the claims against Fannie and Chase and Murs because in that case the issue there was about whether or not there was an ambiguous beneficiary declaration. Here, and I want to correct plaintiff's counsel, he suggested that declaration is a requirement. It is not a requirement. There is no requirement for a beneficiary declaration saying who holds the note. That's one means by which to establish that you hold the note, but not the only way. And that's what happened in Trujillo is they remanded for trial to determine what other evidence could you rely on. And in that case, here he's never alleged there's an ambiguous beneficiary declaration. What he did is he said there's this other declaration which is required with the notice of default that has to be how many efforts you made to contact the borrower. It's under a state statute. Completely irrelevant. No obligation under the statute for that document to address who the note holder is at all. And so the issues that arose in Trujillo and in Lyons have no bearing on this case. So on the merits, plaintiff just conceded that under Frias there is no presale due to trust I claims. That's off the table. And I want to talk briefly about Fannie Mae. There are no allegations that Fannie Mae did anything in this case other than act as an investor. And that clearly can't be unfair or deceptive, certainly not under Brown. As to Chase, the whole flawed legal theory is that it was unfair or deceptive for Chase to initiate foreclosure without being both the holder and the owner. And we know that's not true under Brown. And in their reply brief at page 7 in ER 177, they concede that Chase possesses a note. Brown holds the inference to be drawn from the designation of a bank as a servicer is the servicer is the note holder. They allege we're the servicer. And again, every document plaintiff receives suggests Chase is the note holder. The 2006 letter plaintiff got saying Chase is the servicer. The March 2011 notice of default was Chase is the beneficiary and creditor. There were four letters written by Northwest Trustee Service to plaintiff's counsel explaining Chase is a servicer of your loan. It can hold the note for Fannie Mae to foreclose. Chase can answer any of your questions. They attached a copy of the note endorsed in blank to that letter. That's at footnote 1 of that letter. And so plaintiff did have a copy of the note endorsed in blank. So it seems to me, Your Honors, that absent, plaintiff pleads no facts plausibly suggesting Chase wasn't the note holder. And thus nothing Chase did was unfair or deceptive. As to MERS, I still haven't heard a good take on why MERS could be liable under these facts. He suggested the assignment of deed of trust created additional confusion. Two points there. I'm sorry, the assignment is not delivered to a borrower. It's not as if MERS makes that representation to them. It's publicly recorded. And second, the assignment here says Chase is assigning whatever nominee interest it has to Chase. So, again, it was a uniform representation. MERS was assigned. I'm sorry. MERS was assigning to Chase, yeah. So literally every document was consistent in saying that Chase is the note holder. So we think that there is no unfair or deceptive actor practice. And relying on an assignment of deed of trust for liability doesn't make sense for the reasons we cited in our brief. We cited the In re Allen case and the Bain case. And that's because the security follows the debt. The right to enforce the deed of trust follows whoever holds the note. And to argue that an assignment of a deed of trust somehow changes that would flip that on its head. And that's the exact opposite of what the Supreme Court in Bain held. Finally, on the CPA claim as to injury or causation, because there's no unfair or deceptive act, nothing we did could have injured this borrower. They need to show that but for something Chase did, he wouldn't have incurred a necessary expense. And there's no allegations here of that. We cite Judge Kuhnhauer's decision in the Bacchanin versus Countrywide case at page 50 of our answering brief. I think that case is right on point because Judge Kuhnhauer says, look, even if you did spend this time and money away from work to investigate who the right beneficiary was, you haven't alleged why you needed to do that. You haven't explained to us what remedy you wanted to take advantage of that you couldn't because you didn't know. And absent that, there's no injury caused by these defendants. The same thing is here. He knew who to pay. It was Chase. He knew who to talk to about his loan, Chase. In fact, he did. There were letters going back and forth. And every document he got in connection with the foreclosure told him Chase was the beneficiary. You can't manufacture injury by inflicting- We request a shelter in place on the east side of the building. Oh, for God's sake. All attendants, east side of the building, request shelter in place on the east side of the building. Ray, do you want to see if we can just stay here, stop the clock? Stacey, yeah, as opposed to relocating somewhere else. Ladies and gentlemen, what's going on is, sadly, I don't know what it is about this week, but this is now the third security incident that we've had here at the Nakamura Courthouse. And what that announcement means is that our court security staff is responding to something on the west side of the building. And so as soon as we get instructions on where to go, we want to stay away from that side of the building, just in case something happens. We'll be hopefully secure on this side. I'll hide under this podium. Yeah. Counsel, I'll give you a choice. You can either continue arguing, or we can just wait for- You know, I'm almost done. I think I can finish in about a minute. All right. Go ahead. So- So counsel is going to argue for the- Yeah, she's going to argue the rest. I see. Okay. All right. So the northwest trustee is going to argue after I am. So the point I was making was you can't manufacture injury by going out and investigating things where there's no need to investigate anything because everything's been uniform. As to the remaining claims, they didn't argue those on appeal. They've abandoned the criminal profiteering and other claims on appeal, not raised. But they do make some new arguments on appeal that the court shouldn't consider. Below, they never argued the note wasn't a negotiable instrument, and we've explained why it is. Below, they never argued that securitization somehow changed who the note holder was, and Brown definitely refutes that. And I think we've shown the purported exclusionary clause they talked about doesn't apply here because in this situation, the note was given to Chase to enforce the loan, not for purposes of security. So, again, I'm going to end as I began, which is Plaintiff's entire case was premised on the notion that Chase wasn't beneficiary because it wasn't both the owner and the holder. Brown has rejected that, and it dooms their claims. Okay. Stacey, would you stop the clock for just a second? The court security officer here in the courtroom has indicated we're fine to stay right here. Stacey, would you lower the curtains on the windows, please? Yeah. Okay. It's the world that we live in these days, and we have really good court security officers who know what they're doing, so you're in good hands. Okay. Ms. Morrison, you may proceed. Thank you. Good morning, Your Honors. Heidi Buck-Morrison here on behalf of the defendant, Northwest Trustee Services. Today, Northwest Trustee asked this court to affirm the district court's dismissal of Mr. Zalek's claims for wrongful foreclosure, criminal profiteering, and violations of the Consumer Protection Act. As Mr. Zalek has conceded, his wrongful foreclosure claim fails under FREIS. Additionally, as discussed by my co-counsel, by failing to discuss the criminal profiteering claim in the opening brief, they have effectively abandoned that claim. Third, this court should affirm dismissal of the CPA claim as to Northwest Trustee for the following reasons. Mr. Zalek's claims are wholly premised on his erroneous theory that in order to be the beneficiary, Chase was required to both own and hold the note, and as we've discussed, that theory has been rejected by Washington Supreme Court in Brown. As my co-counsel noted, it's undisputed here that Chase is the holder because the plaintiff alleged that Chase is the servicer. The record also demonstrates that Northwest Trustee knew the same, as the foreclosure notices and the correspondence from Northwest Trustee to Mr. Zalek consistently identified Chase as the beneficiary, the servicer, the creditor to whom the debt was owed, the party who had standing to enforce the obligation. Northwest Trustee also provided a copy of the endorsed note to Mr. Zalek. Mr. Zalek did not and could not have plausibly alleged any prejudice or injury as a result of notices that properly identified the party who was authorized to enforce his loan, accept payments on the loan, modify the loan, and coordinate reinstatement. This court, as well as Washington courts, have also seen these same contentions raised in other... that were raised in the operative complaint here and rejected them. For example, in the Bovond case, this court held that allegations of technical, non-prejudicial defects in a foreclosure notice do not support a claim for violation of the DTA. There, like in this case, plaintiff claimed that Northwest Trustee should have identified the note owner, who was Freddie Mac in that case, in the notice of default rather than the note holder, OneWest. The Bovond court held that... or they noted that the notice of default provided all of the information necessary to the plaintiff by identifying OneWest, who was the note holder, and that by not identifying Freddie Mac, there was no prejudice. Here, the same is true where Northwest Trustee identified Chase as the beneficiary in the notice of default. Also, in the Barkley case, Washington's Court of Appeals at Division I held it was not deceptive for Northwest Trustee to have identified the note holder as the beneficiary in both the notice of default and the notice of trustee sale. The same is true here. Plaintiff has now attempted to recast his allegations. However, the simple fact is this is not a beneficiary declaration case. The operative complaint did not allege, and nor could it have, noncompliance with RCW 6124-0307A by Northwest Trustee. In his briefing to the district court, the briefing to the district court also did not implicate 0307A. What Mr. Zalek did argue was that Northwest Trustee was confused to the owner and holder and didn't identify the true holder in the notice of default. So again, the arguments made to the district court were that the beneficiary was because of this ownership argument and that Northwest Trustee didn't identify the true holder in the notice of default. But again, under Brown, we know that the owner-holder contentions have been rejected in Washington. And from the record, we also know that Northwest Trustee consistently and correctly identified Chase as the holder, not the owner. We also know that ownership is just simply not dispositive. Mr. Zalek also argued that there was a declaration by Chase attached to the notice of default that failed to identify the beneficiary. And as my co-counsel explained, that declaration is not a declaration under 0307A. Instead, it's a declaration under RCW 6124-031, which requires certification by the beneficiary or the beneficiary's authorized agent of certain due diligence and contacts made prior to the commencement of foreclosure. So is your position that once Northwest received that declaration, it could reasonably rely on the content of it to believe that Chase was the authorized party? Correct. And the statute itself provides that a trustee may rely on that declaration. But Northwest Trustee didn't rely on that declaration to prove that Chase was the holder of the note or the beneficiary. It simply relied on it that, as the declaration stated, that Chase, as the servicer, had completed the due diligence and pre-foreclosure contacts that were required under the Need of Trust Act. It doesn't require specific identification of the beneficiary because it can be done by the beneficiary or its authorized agent, and it just simply does not implicate the requirements under 0307A. We know here that every document in this case confirmed that Chase was the note holder. There should have been no confusion by Mr. Zalick, and he alleges no facts suggesting why Chase is not the note holder. Well, if I understand his theory correctly, what he's saying is, I tried calling all these parties and I was confused because I wasn't getting straight answers to my questions, and I was deceived by what I was told. I think that's his theory. Okay. And I think the record is very clear in that Mr. Zalick, his whole premise was, well, Chase has to own and hold the note. So every time someone tells me Chase is the servicer, Chase is the note holder, Chase is the person that's entitled to enforce, Chase is Fannie Mae's servicer, and they take possession of the note under the Fannie Mae guidelines. To him, that was deceiving him because the answer he wanted to hear was, Chase is the holder and owner, but that is not required and it was not true, so that's not what was communicated to him. And unless your honors have any further questions, I would respectfully request this court to affirm the district court's dismissal. Anything further? Thank you. Mr. Trumbull, I think you've got a couple minutes left there. Thank you, your honor. I'll take the last two minutes to try to directly address your earlier concerns about if you remand what the complaint could say, and also the argument about that because the complaint used the word servicer, at the time, Mr. Zalick, he didn't mean the word servicer to mean what the Supreme Court just decided it meant, so he made- I guess the problem I'm having with your theory, you heard me try to encapsulate it, and you're welcome to take issue with it if I didn't understand it correctly, but the problem I'm having is that you're trying to turn confusion or misunderstanding by your client into deception under the Consumer Protection Act, and I'm not sure that the law supports that theory, absent an affirmative misrepresentation. Attention in the Montgomery Courthouse. The courthouse can now go back to full operation. The situation on the west side of the building has been resolved. Again, the situation on the west side of the building has been resolved. Okay, we're safe. You may proceed. All right. Yes, so I believe you got the first theory correct. Mr. Zalick's position is that it can be unfair or deceptive, so it can be an unfair act. The second prong of what he's saying is that Chase was not the holder, and the way that that would be alleged now is that if you look at Trujillo, it cites, in footnote 4, it cites the Washington State Court of Appeals opinion in Bavand, and it says that having a copy of a note endorsed in blank does not make you a holder. You have to have the actual original note, and so Mr. Zalick's story, remember it was written originally for the notice pleading standard in Washington under McCurry v. Chevy Chase. It got removed, and now we're at the Iqbal Twombly standard, so I believe that his story, if originally would have been written out, if it was written for the Iqbal Twombly standard, it would have included more details about the unfairness, about his confusion, about that Chase didn't hold the original note, and it would include facts that show that. But if on remand, the evidence is that Chase was in fact the holder of the note at the time, and the servicer, then he has no claim, does he? I'm having a little bit of trouble understanding the evidence. I guess I may be jumping to the summary judgment stage, but I'm still trying to figure out what it is that you're going to allege in your amended complaint that warrants a remand. In other words, if the facts turn out to be as counsel represented, then he has no claim, and I'm trying to figure out what facts he has to suggest that he does, other than a confusion about holder, owner, beneficiary. So in my mind, this argument, that's why there's a separation between 12b-6 and a summary judgment, because if you assume in the cases that the defendants have their evidence and their answer, you'd have a real hard stage. You've got to convince us that he's got a plausible claim. And that requires some allegation of fact. It doesn't have to be enough to meet the summary judgment standard. It just has to be enough to convince the court that, well, we better send this one forward, because he might have a claim here. I think that there's a lot of evidence that can be put out there and cited to that shows failures to comply with Freddie Mac and Fannie Mae's guidelines, and that oftentimes, especially through countrywide original notes, were lost or destroyed, and so electronic copies were kept. But if Fannie Mae, if the note was endorsed in blank and Fannie Mae then directed Chase to service the loan and at some point transmitted the note to them so that they could complete the foreclosure proceedings, how does that violate the Fannie Mae regs? Isn't that what the regs contemplate? Oftentimes, though, Your Honor, in cases I've been involved with, they don't give the note to the servicer. They don't transmit it. You're talking about this case. What evidence do you have that that practice was violated in this case? I'm hearing a lot of speculation here, but I'm not hearing evidence. Well, I think that's the difficulty in these cases is you have reports and studies that you can cite to, but in order to get the specific facts to allege in a specific case, behind the MERS system and the banking system, they won't give it to the plaintiffs, and so you have to allege based on… So it's a free filing. Yeah, you have to have discovery. Discover your case. Yes. Okay. All right. I think we understand your position. Okay. Thank you very much. The case just argued is submitted.
judges: Hawkins, Tallman, Lefkow